UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| KINAYA HEWLETT, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>CONSOLIDATED WORLD TRAVEL, INC. d/b/a HOLIDAY CRUISE LINE,<br><br>    Defendant. | Civ. No. 2:16-713 WBS AC<br><br>MEMORANDUM AND ORDER RE: MOTION TO DISMISS |

----oo0oo----

Plaintiff Kinaya Hewlett brought this putative class action against defendant Consolidated World Travel, Inc. d/b/a Holiday Cruise Line, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq. (First Am. Compl. ("FAC") (Docket No. 14).) The matter is now before the court on defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). (Docket No. 17.)

1

I. Background

Plaintiff alleges that, in March 2016, defendant called plaintiff's "cellular telephone nearly daily using an automatic telephone dialing system ["ATDS"] and artificial or prerecorded voice" in an attempt "to sell [plaintiff] a 'free cruise.'" (FAC ¶¶ 12-17.) Plaintiff alleges that she did not give her prior express consent to receive these autodialed calls from defendant. (Id. ¶ 14.) She states that defendant called her from multiple telephone numbers and continued to call her despite plaintiff's repeated "requests to Defendant and/or its agents for the calls to stop." (Id. ¶¶ 15-17.)

Plaintiff also seeks to represent a putative class of other unconsenting recipients of defendant's autodialed calls. (Id. ¶¶ 2, 18-20.) In its pending motion to dismiss, defendant argues that the court does not have subject matter jurisdiction here because plaintiff lacks standing under Article III. (Mem. at 1 (Docket No. 17-1).) Defendant also contends that plaintiff fails to state a claim for relief because she has not alleged "any facts plausibly stating that [defendant] had any involvement in the telephone calls." (Id. at 9.)

II. Discussion

    A. Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Standing pertains to the court's subject matter jurisdiction under Article III and may be

challenged in a motion to dismiss under Rule 12(b)(1).  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

Article III standing requires that a plaintiff "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016).  "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements."  Id.  Where the "case is at the pleading stage, the plaintiff must clearly allege facts demonstrating each element."  Id. (quotation marks and alterations omitted).  "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical."  Id. (quotation marks omitted).

Defendant argues that plaintiff "fails to specify what injury she herself supposedly suffered" or "to allege a concrete or particularized injury that is traceable to anything [defendant] is alleged to have done."  (Mem. at 1, 5.)  Plaintiff alleges that she was "harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of [her] statutory rights."  (FAC ¶ 23.)

"For an injury to be particularized, it must affect the plaintiff in a personal and individual way."  Spokeo, 136 S. Ct. at 1548 (quotation marks omitted).  In light of plaintiff's

allegations that defendant called her "nearly daily" in March 2016 from multiple telephone numbers despite plaintiff's repeated requests to defendant to stop calling her, plaintiff's allegations of "aggravation, nuisance, and invasion of privacy" are sufficiently particularized to show that she was personally harmed by defendant's alleged conduct. (FAC ¶¶ 12-17, 23); see Smith v. Microsoft Corp., Civ. No. 11–1958 JLS BGS, 2012 WL 2975712, at *6 (S.D. Cal. July 20, 2012) ("[B]y alleging he received a text message in violation of the TCPA, [plaintiff] has established a particularized injury in satisfaction of Article III premised on the invasion of his privacy, even absent any economic harm.").

Plaintiff's allegations are also sufficient to satisfy Article III's concreteness requirement. The Supreme Court has explained that, in determining whether an intangible harm constitutes a concrete injury under Article III, courts must consider (1) "whether [the] intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit"; and (2) "the judgment of Congress" in "identifying and elevating" the intangible harm "to the status of [a] legally cognizable injur[y]" that "give[s] rise to a case or controversy." Spokeo, 136 S. Ct. at 1549-50 (citations omitted).

Courts have consistently held that allegations of nuisance and invasion of privacy in TCPA actions are sufficient to state a concrete injury under Article III. See, e.g., Cour v. Life360, Inc., Civ. No. 16-805 TEH, 2016 WL 4039279, at *2 (N.D. Cal. July 28, 2016) (finding that plaintiff "allege[d] a concrete

injury sufficient to confer Article III standing" because he alleged that "[the defendant] invaded his privacy"); Booth v. Appstack, Inc., Civ. No. C13-1533 JLR, 2016 WL 3030256, at *5 (W.D. Wash. May 24, 2016) (finding concrete injury in the form of "waste[d] time answering or otherwise addressing widespread robocalls"); Meyer v. Bebe Stores, Inc., Civ. No. 14-267 YGR, 2015 WL 431148, at *2 (N.D. Cal. Feb. 2, 2015) (holding that the allegation that a single unsolicited text message from defendant was an invasion of privacy satisfied Article III standing requirements even though plaintiff did "not allege she incurred any carrier charges for the specific text message at issue"). Because the harm alleged by plaintiff has "been regarded as providing a basis for a lawsuit," the first factor weighs in favor of finding that plaintiff has sufficiently alleged a concrete injury here. See Spokeo, 136 S. Ct. at 1549.

The "judgment of Congress" also weighs in favor of finding that plaintiff has sufficiently alleged a concrete harm. See id. "[B]ecause Congress is well positioned to identify intangible harms that meet minimum Article III requirements, its judgment is . . . instructive and important." Id. In analyzing "the purposes of the TCPA," the Ninth Circuit observed that "[t]he TCPA was enacted in response to an increasing number of consumer complaints" that "unsolicited, automated telephone calls" were a "nuisance and an invasion of privacy." Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 954 (9th Cir. 2009). "The purpose and history of the TCPA indicate that Congress was trying to prohibit the use of ATDSs to communicate with others by telephone in a manner that would be an invasion of privacy." Id.

The purpose and history of the TCPA thus suggest that Congress sought to curb the "aggravation, nuisance, and invasion of privacy" that plaintiff alleges here, which resulted from defendant's alleged use of an ATDS to call plaintiff despite plaintiff's repeated requests for those autodialed calls to stop. (FAC ¶¶ 12-17, 23.)

In support of its argument that plaintiff here does not sufficiently state a concrete injury, defendant relies on a ruling in a similar TCPA class action in Smith v. Aitima Medical Equipment, Inc., Civ. No. 16-339 AB DTB (C.D. Cal. July 29, 2016). (Reply at 4, Ex. A (Docket No. 22).) In Smith, the court held that the plaintiff failed to allege a concrete injury because she could not "allege more than a de minimis injury given the fact that she received only one call." (Reply Ex. A at 6-7.) The court reasoned that the plaintiff there "only alleged the receipt of one phone call from Defendant," which at most "lasted for a few seconds." (Id. at 5-6.)

The Supreme Court, however, recently confirmed that allegations of a single TCPA violation can be sufficient to confer Article III standing. In Gomez v. Campbell-Ewald Co., 768 F.3d 871 (9th Cir. 2014), aff'd, 136 S. Ct. 663 (2016), the plaintiff received a single unsolicited text message from the defendant's agent and filed suit against the defendant "seeking compensation for the alleged violation of the TCPA." Id. at 873-74. Plaintiff "also sought to represent a putative class of other unconsenting recipients of the [defendant's] text messages." Id. at 874. The Ninth Circuit held that "Congress has expressly created a federal cause of action affording

individuals like Gomez standing to seek compensation for violations of the TCPA." Id. at 880. The Supreme Court affirmed, holding that "the District Court retained jurisdiction to adjudicate Gomez's complaint." Gomez, 136 S. Ct. at 672.

Additionally, unlike in Smith, plaintiff here alleges that defendant called her "nearly daily" in March 2016 from multiple numbers despite plaintiff's repeated requests for the calls to stop. (FAC ¶¶ 12-17.) The FAC also suggests that defendant's calls lasted more than a few seconds:

> When [plaintiff] answered calls from Defendant and/or its agents, she heard a pause or dead air before a robotic-sounding recorded voice began, indicating use of an [ATDS] and artificial or prerecorded voice. After the robotic-sounding voice concluded, a live person came onto the phone as well. The agent attempted to sell [plaintiff] a 'free cruise' [and plaintiff] has repeatedly made requests to Defendant and/or its agent for the calls to stop.

(Id. ¶¶ 16-17.)

Plaintiff's factual allegations, which the court must construe in the light most favorable to plaintiff on a motion to dismiss, there is a reasonable inference that defendant or its agents placed more than one call to plaintiff here. This reasonable inference is sufficient to make plaintiff's TCPA claim plausible and thus survive dismissal at this stage. See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (holding that dismissal is granted only where reasonable inferences drawn from the plaintiff's allegations fail to state a plausible claim for relief).

Smith is therefore inapplicable here. In fact, the Smith court acknowledged "the injury multiple phone calls can

7

cause" and observed that "[c]ourts have found allegations of 'systematic rather than episodic' unauthorized conduct to be more than a de minimis injury, and thus sufficient to confer standing."  (Reply Ex. A at 6.)  These are exactly the circumstances alleged in the present action.  The reasoning in Smith thus supports--rather than undermines--the conclusion that plaintiff has alleged a concrete injury under Article III here.

Lastly, plaintiff has traced her alleged injury to defendant: "[Defendant] and/or its agents made unsolicited and harassing telemarketing calls to Plaintiff on her cellular telephone using an automatic telephone dialing system and an artificial or prerecorded voice [without plaintiff's] prior express written consent to make these calls."  (FAC ¶ 1.) Plaintiff's allegations are therefore sufficient to confer Article III standing.  Accordingly, the court has subject matter jurisdiction over this action.

B.   Failure to State a Claim

A claim may be dismissed under Rule 12(b)(6) if the complaint's factual allegations, together with all reasonable inferences drawn from those allegations, fail to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79.  A plausible claim exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 678.

The plausibility standard "does not require detailed factual allegations" or impose a "probability requirement" at the pleading stage.  Id.; Starr v. Baca, 652 F.3d 1202, 1213 (9th Cir. 2011).  It "simply calls for enough facts to raise a

reasonable expectation that discovery will reveal evidence" to support plaintiff's allegations. Starr, 652 F.3d at 1217 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). In ruling on a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and construe them in the light most favorable to the plaintiff. Adams v. U.S. Forest Serv., 671 F.3d 1138, 1142-43 (9th Cir. 2012). The court need not, however, accept as true any unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011).

The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA authorizes a private right of action "to recover for actual monetary loss from [] a violation, or to receive $500 in damages for each [] violation, whichever is greater." Id. § 227(b)(3). In the case of knowing or willful violations, the court has discretion to award up to treble damages for each violation. Id.

Defendant argues that plaintiff fails to state a claim under the TCPA because plaintiff's "FAC lacks any facts to permit as a plausible inference that [defendant], as opposed to anyone else, is the party that physically placed the telephone calls at issue." (Mem. at 9.) But defendant's contentions that it did not actually make the alleged calls to plaintiff, even if true,

do not necessarily preclude plaintiff from asserting a plausible TCPA claim here. Plaintiff alleges that defendant "<u>and/or its agents</u> made unsolicited and harassing telemarketing calls to Plaintiff." (FAC ¶ 1 (emphasis added).) The Ninth Circuit has emphasized that "calls placed by an agent of the telemarketer are treated as if the telemarketer itself placed the call." <u>Gomez</u>, 768 F.3d at 878 (citation and alterations omitted); <u>see</u> <u>id.</u> at 877 (rejecting the argument that a defendant "cannot be held liable for TCPA violations because it outsourced the dialing and did not actually make any calls").

In addition, defendant's argument that plaintiff fails to allege "that [defendant], as opposed to anyone else, is the party that physically placed the telephone calls at issue" is unavailing. (Mem. at 9.) Plaintiff specifically alleges that defendant called her cellular phone at 1:35 PM on March 14, 2016 using an ATDS without her prior express consent from a telephone number that her caller ID identified as "Holiday Cruise Line." (FAC ¶¶ 12-14.) Plaintiff alleges that "Holiday Cruise Line" is a fictitious business name used by defendant, (<u>id.</u> ¶ 4), a fact that defendant acknowledges here, (Mem. at 11). Plaintiff also alleges that defendant called her from multiple telephone numbers using an ATDS and continued to call her despite her repeated "requests to Defendant and/or its agents for the calls to stop." (FAC ¶¶ 15-17.)

Plaintiff has thus stated a plausible claim that defendant used an ATDS to call plaintiff's cellular phone without her prior express consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii). Accordingly, the court will deny

defendant's motion to dismiss.

       IT IS THEREFORE ORDERED that defendant's motion to dismiss, (Docket No. 17), be, and the same hereby is, DENIED.

Dated:  August 23, 2016

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE